IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL H. McGEE, )
 )
    Petitioner, )
 )   CIVIL ACTION
v. )
 )   No. 15-3107-KHV
UNITED STATES OF AMERICA, )
 )
    Respondent. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. #6) filed June 11, 2015, petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. #5) filed June 12, 2015,[1] and for determination of petitioner's compliance with the Order entered May 22, 2015 (Doc. #3).[2] For reasons stated below, because it lacks jurisdiction to decide petitioner's challenges to his federal conviction under Section 2241, the Court dismisses this action without prejudice.

## Background and Procedural History

In the United States District Court for the Eastern District of Wisconsin, petitioner plead guilty to bank robbery in violation of 18 U.S.C. § 2113 and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A(ii).[3] On July 1, 2014, the district court

---

[1] Based upon the institutional account balance in the financial information attached to petitioner's motion, this motion is granted.

[2] In this order, the Court screened the original petition and gave petitioner time to show cause why this action should not be dismissed for failure to state a claim and facts in support. Petitioner responded by filing his "replacement" Amended Petition.

[3] The Court takes judicial notice of the files in petitioner's criminal case: United States v. McGee, Case # 14-cr-00009-WCG-3 (terminated July 3, 2014).

sentenced him to 138 months imprisonment followed by 5 years of supervised release.[4] Petitioner did not appeal. Nine months later, on March 19, 2015, petitioner filed a pro se motion and request to "File Notice of Appeal out of Time" (Doc. #91).[5] The sentencing court determined that it lacked authority under Fed.R.App.P. 4(b) to grant the extension, Doc. #93 at 1, but advised petitioner that he could seek relief under 28 U.S.C. § 2255 for ineffective assistance of counsel. Id.

Petitioner nonetheless filed a pro se notice of appeal (Doc. # 96) on April 28, 2015. He alleged that he "explicitly stated (his) intention to appeal the final judgment to Attorney Schultz," that Schultz agreed to file an appeal, and he had not heard from Schultz since sentencing. The Seventh Circuit Court of Appeals ordered petitioner to file a brief memorandum stating why his appeal should not be dismissed because it was untimely, (Doc. #103). On August 31, 2015, the Seventh Circuit issued its mandate (Doc. #108-1) finding it was "not empowered" to grant an extension of the jurisdictional appeal period and dismissing the appeal as untimely.

On the day he filed his notice of appeal, petitioner filed a motion under Section 2255 (Doc. #99) in the sentencing court. He alleged that on March 6, 2015, by letter from the Clerk of the Seventh Circuit, he had discovered that Schultz had not filed a notice of appeal. He claimed

---

[4] The Federal Bureau Prison inmate locator indicates that petitioner has a current projected release date of January 4, 2024.

[5] The Government alleged that attorney Hank Schultz represented petitioner throughout the proceeding. See Response (Doc. # 92) at 1. It further alleged that on February 24, 2015, petitioner sent a letter to the district court and the Seventh Circuit Court of Appeals requesting information on the status of his appeal and asserting that he had directed his attorney to file a notice of appeal. He learned that his attorney had not filed a notice of appeal.

2

that Schultz had "abandoned" him on direct appeal,[6] that Schultz was ineffective "through the entire proceeding" and that petitioner's waiver of trial was not knowing, intelligent and voluntary. Id. at 5-6. Petitioner sought permission to appeal. The Seventh Circuit appointed counsel to represent petitioner on his Section 2255 petition(Doc. #104). That Section 2255 motion is currently pending.

Despite his pending motion under Section 2255, on May 11, 2015, petitioner filed an incomplete habeas corpus petition under Section 2241 in this Court. He claims that respondent's authority to hold him in custody has "expired" and that a "supporting document" will be filed "detailing the facts." He vaguely states that he had asked the Seventh Circuit to stay his pending appeal "until this issue is determined." On May 22, 2015, this Court ordered petitioner to show cause why his Section 2241 petition should not be dismissed for several reasons. The Court also warned petitioner that any challenge to his conviction must be raised on direct appeal or it could be deemed waived and that if he were unsuccessful on direct appeal, his recourse was a petition in the sentencing court under Section 2255.

**Claims**

As Ground One, petitioner asserts that he did not knowingly and intelligently waive his right to appeal; that the plea agreement was modified moments before sentencing; and that his attorney did not explain the changes, told him that if he did not sign the modified agreement sentencing would be postponed and his co-defendants might suffer, and instructed him to simply respond affirmatively to the judge's questions. As Ground Two, petitioner asserts that the criminal judgment against him is void and respondent therefore has no authority to continue to hold him in custody. He reasons that he was denied his Sixth Amendment right to counsel at the "critical stage" of first appeal and that this is a jurisdictional defect.

---

[6] Petitioner alleges that Schultz filed a motion to withdraw as counsel on May 8, 2015, and the court granted his motion. Entries from the docket during this time frame are missing.

3

**Standards**

28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a (federal) court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. As noted, a motion under Section 2255 must be filed in the district in which the prisoner was sentenced. Abernathy v. Wandes, 713 F.3d 538, 542 n.2 (10th Cir. 2013). Federal prisoners are generally provided a single opportunity to have a Section 2255 petition considered on the merits, and successive petitions are generally barred. Cleaver v. Maye, 773 F.3d 230, 232 (10th Cir. 2014)(see 28 U.S.C. § 2244; Prost v. Anderson, 636 F.3d 578, 586 (10th Cir. 2011)).

A petition under Section 2241 is not an additional, alternative or supplemental remedy to that afforded under Section 2255. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). In this Circuit, a petition under Section 2241 attacks the execution of a sentence by challenging "some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997). It does not ordinarily encompass claims of unlawful detention based on challenges to a conviction or sentence. Bradshaw, 86 F.3d at 166; McIntosh, 115 F.3d at 811–12.

Section 2255(e) contains "a narrow exception" called the "savings clause." Under the savings clause, a federal prisoner may seek habeas relief by filing a petition under Section 2241 after the sentencing court has denied him relief under Section 2255. Abernathy, 713 F.3d at 547 (citing Brown v. Berkebile, 572 Fed. App'x 605, 608 (10th Cir. 2014)). To fall within the savings clause and so proceed under Section 2241, a prisoner must show that the remedy by

4

motion under Section 2255 is inadequate or ineffective to test the legality of his detention.[7] Abernathy, 713 F.3d at 547, 549 (citing Prost, 636 F.3d at 581 (quoting § 2255(e)); Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). When petitioner fails to make this showing, the court lacks jurisdiction to consider the merits of a petition under Section 2241. See Cleaver, 773 F.3d at 233 (citing id. at 1170). Before a petitioner may properly file a petition under Section 2241, the opportunity to seek a remedy under Section 2255 must be "genuinely absent." Id. (citing Prost, 636 F.3d at 588); Barnett v. Maye, 602 Fed. App'x 717, 719 (10th Cir. 2015). The dismissal of a petition under Section 2241 for failure to satisfy the savings clause test is a dismissal for lack of jurisdiction. Abernathy, 713 F.3d at 557-58; Alvarez v. Maye, 624 Fed. App'x 655, 656 (10th Cir. 2015)(district court usually lacks statutory jurisdiction over Section 2241 petition that professes to attack legality or validity of prisoner's detention)(citing id.).

### Analysis

Having carefully considered the petition under the foregoing standards, the Court easily makes two findings that necessitate summary dismissal of this action.

First, the Court finds that this Section 2241 petition is a challenge to petitioner's federal conviction and sentence. Petitioner asserts that his conviction is void because his alleged constitutional right to direct appeal was denied and counsel was ineffective in failing to file a

---

[7] In Prost, the Tenth Circuit concisely set forth the test as "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." Id. (quoting Prost, 636 F.3d at 584). If the answer is yes, the petitioner may not resort to the savings clause and Section 2241. Id. Section 2255 has been found to be inadequate or ineffective only in extremely limited circumstances. Abernathy, 713 F.3d at 547; Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); see Brace, 634 F.3d at 1169 (Section 2255 will rarely be inadequate or ineffective remedy to challenge conviction); Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010)(only in rare instances will Section 2255 fail as adequate or effective remedy); Boyce v. Berkebile, 590 Fed. App'x 825, 826 (10th Cir. 2015).

5

notice of appeal. On this basis, he claims that respondent has no authority to continue to hold him in custody. These claims are clearly challenges to petitioner's federal conviction and sentence.

Second, the Court lacks jurisdiction under Section 2241 to determine the merits of petitioner's claims because he makes no effort to satisfy the savings clause test and the facts which he alleges do not call for its application. Petitioner seeks to avoid the savings clause by mischaracterizing his claims as challenges to the execution of his sentence rather than his conviction and sentence. He argues that this Court has a duty to grant relief under Section 2241 because he claims a jurisdictional constitutional defect and his conviction is "presumptively void."[8] Suffice it to say that petitioner does not win his freedom from his standing convictions by merely arguing that his conviction is void. He must prove his claims through the proper procedure before the appropriate court. For these reasons, the Court concludes that petitioner is not entitled to proceed under Section 2241 by way of the savings clause, and that this Court lacks statutory jurisdiction to determine his claims.

IT IS THEREFORE ORDERED that this petition for writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. #5) filed June 11, 2015, be and hereby is granted.

Dated this 17th day of February, 2016 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[8] The Court rejected this frivolous argument in Brennan v. United States, Case No. 15-3254-JWL (D.Kan. Dec. 3, 2015).